WILLIAM WILLERS et al., Appellees, v. FLANLEY GRAIN COMPANY, Appellant.

No. 44089.

OCTOBER 19, 1937.

A. E. Wenke and Henderson, Hatfield & Wadden, for appellees.

Snyder & Sears, for appellant.

MITCHELL, J.—William Willers and Peter Topp, two farmers living in Wayne County, Nebraska, commenced this action against the Flanley Grain Company, a corporation, with its principal place of business at Sioux City, Iowa, alleging that the grain company had entered into an oral contract to deliver 3,012 bushels of No. 2 yellow corn at the plaintiffs' farms, at an agreed price of 98 cents per bushel, and that the grain company only delivered 2,480 bushels and 10 pounds. They sought to recover for the balance due on the contract of 531 bushels and 44 pounds, in the amount of $521.15. The defense was a general denial. There was a trial, at which evidence was offered, and upon submission to the jury it returned a verdict for the amount prayed.

The only question that confronts us in this case is whether or not the lower court erred in overruling the motion made by the grain company for a directed verdict.

In the recent case of Schwind v. Gibson, 220 Iowa 377, at page 378, 260 N. W. 853, 854, this court said:

"It is the settled rule of law in this state that in the consideration of a motion for a directed verdict, the appellant is entitled to have the evidence considered in its most favorable light to him."

In the case of McWilliams v. Beck, 220 Iowa 906, at page 909, 262 N. W. 781, 782, we find this court said:

"It is the well-settled law of this state that the court in passing upon a motion to direct a verdict against the plaintiff 'must view the evidence in the light most favorable to the plaintiff. Every inference reasonably permissible in support of the issue should be carried to the aid of the evidence.'"

With these rules of law in mind we turn to the record to ascertain the facts.

■■■ In January of 1935 Willers and Topp entered into an agreement with Ed Lueshen for the purchase of certain shelled corn. Delivery was commenced, when a dispute arose between the parties, which involved the quality of the corn that was being delivered, and the appellees refused to accept any more corn. In March, Lueshen, accompanied by J. B. Roberts, secretary of the Flanley Grain Company, went to Nebraska, and had a conference with Willers and Topp. It is the contention of the appellees, and there is evidence to substantiate their claim that at that time they entered into a new oral contract to purchase 3,012 bushels of corn at the fixed price of 98 cents per bushel delivered to their farms in Nebraska; that that oral contract was entered into with the Flanley Grain Company thru their secretary, Mr. Roberts, and that then and there they gave to Mr. Roberts their check, payable to the Flanley Grain Company, for the amount of corn purchased. It is true, Mr. Roberts denied much of the testimony offered by the appellees. In other words, there is a dispute in the evidence.

To settle such disputes we have juries. The court properly overruled the motion of the appellant company for a directed verdict and submitted the case to the jury.

■■■ Appellees have requested the court to award to them damages, under provisions of section 12873 of the Code of Iowa for 1935. We find no reason for granting said request, and same is herewith denied.

It necessarily follows that judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.